IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 12-221 (JAF) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| XAVIER JIMENEZ-BENCEVI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF INTENT TO SEEK A SENTENCE OF DEATH

TO THE HONORABLE COURT:

COMES NOW the United States of America, pursuant to 18 U.S.C. § 3593(a), by and through

its undersigned counsel, and notifies the Court and Defendant XAVIER JIMENEZ-BENCEVI, and his

counsel John Martin and Juan Ramon Acevedo, that the Government believes the circumstances of the

offenses charged in Counts One and Three of the Indictment are such that, in the event of a conviction,

a sentence of death is justified under Chapter 228 (Sections 3591 through 3598), of Title 18 of the

United States Code, and that the Government will seek sentences of death for these offenses, that is,

murder of a witness, in violation of Title 18, United States Code, Section 1512(a)(1)(C) as charged in

Count One; and firearms murder in violation of Title 18, United States Code, Section 924(j) as Charged

in Count Three, both of which carry a possible sentence of death.

The Government proposes to prove the following factors as justifying a sentence of death:

**A.** **Statutory Threshold Findings Enumerated in 18 U.S.C. § 3591(a)(1) and (2)(A)(B)(C) & (D)**

The government will seek to prove the following threshold findings as the basis for the

imposition of the death penalty in relation to Counts One and Three of the Indictment:

1. The defendant, XAVIER JIMENEZ-BENCEVI, intentionally killed the victim, Delia

Sanchez-Sanchez.  Section 3591(a)(2)(A).

2.  The defendant, XAVIER JIMENEZ-BENCEVI, intentionally inflicted serious bodily injury that resulted in the death of the victim, Delia Sanchez-Sanchez.  Section 3591(a)(2)(B).

3.  The defendant, XAVIER JIMENEZ-BENCEVI, intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim, Delia Sanchez-Sanchez, died as a direct result of the act.  Section 3591(a)(2)(C).

4.  The defendant, XAVIER JIMENEZ-BENCEVI,  intentionally engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Delia Sanchez-Sanchez died as a direct result of the act.  Section 3591(a)(2)(D).

**B.**       **Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c).**

The Government will seek to prove the following statutory aggravating factors as the basis for the imposition of the death penalty in relation to Counts One and Three of the Indictment:

1.  **Death during the commission of another crime**.  The defendant, XAVIER JIMENEZ-BENCEVI, caused the death, or injury resulting in the death, of  Delia Sanchez-Sanchez during the commission or attempted commission of an offense under 18 U.S.C. § 1201 (kidnapping).  (18 U.S.C. § 3592(c)(1)).

2.  **Previous conviction of violent felony involving firearm.**  The defendant, XAVIER JIMENEZ-BENCEVI, has previously been convicted of a State offense punishable by a term of imprisonment of more than 1 year, involving the use or attempted or threatened use of a firearm (as defined in section 921) against another person.  (18 U.S.C. § 3592 (c)(2)).

3.  **Previous convictions of other serious offenses.**  The defendant, XAVIER JIMENEZ-BENCEVI, has previously been convicted of 2 or more Federal or State offenses, punishable by a term of imprisonment of more than 1 year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person.  (18 U.S.C. § 3592(c)(4)).

1    4. **Pecuniary gain**.  The defendant, XAVIER JIMENEZ-BENCEVI, committed the

2    offense as consideration for the receipt of, or in the expectation of the receipt, of anything of pecuniary

3    value.  (18 U.S.C. § 3592(c)(8)).

4    5. **Substantial Planning and Premeditation**.  The defendant, XAVIER JIMENEZ-

5    BENCEVI, committed the offense after substantial planning and premeditation to cause the death of

6    Delia Sanchez-Sanchez.  (18 U.S.C. § 3592(c)(9)).

7    **C.    Non-Statutory Aggravating Factors Identified under 18 U.S.C. § 3593(a)(2).**

8    The Government will seek to prove the following non-statutory aggravating factors as the basis

9    for the imposition of the death penalty in relation to Counts One and Three of the Indictment:

10    1. **Obstruction of Justice**.  The defendant,  XAVIER JIMENEZ-BENCEVI, committed

11    the offense to obstruct justice.

12    2. **Pattern of Violent Criminal Conduct.**  The defendant, XAVIER JIMENEZ-

13    BENCEVI, has participated in a continuous pattern of violent criminal conduct involving the infliction

14    of serious bodily injury or death upon others, including, but not limited to the crimes alleged against

15    the Defendant in the Indictment.

16    3. **Lack of Remorse.**  The defendant, XAVIER JIMENEZ-BENCEVI, has displayed no

17    remorse for the murder of Delia Sanchez-Sanchez.

18    4. **Future Dangerousness.**  The defendant, XAVIER JIMENEZ-BENCEVI, poses a

19    continuing danger to others in that he is likely to commit additional acts of violence in the future

20    that would constitute a continuing and serious threat to the lives and safety of others, including,

21    inmates, prison guards and other officials at correctional institutions where he is or will be

22    incarcerated, as evidenced by his past acts of violence and pattern of violence.  See Simmons v. South

23    Carolina, 512 U.S. 154, 162-64 (1994).

24    5. **Victim Impact Evidence.**  The Defendant,  XAVIER JIMENEZ-BENCEVI, caused

25    injury, harm, and loss to Delia Sanchez-Sanchez's family as evidenced by the impact of her death upon

26    her family.  18 U.S.C. § 3593(a); See Payne v. Tennessee, 501 U.S. 808, 825-26 (1991).

27    The United States further gives notice that, in support of the imposition of the death penalty, in

28    addition to evidence of the above-listed aggravating factors, it intends to rely upon all the evidence

3

1    admitted by the Court at the guilt phase of the trial and the offenses of conviction as alleged in the

2    Indictment as they relate to the background and character of the defendant,  XAVIER JIMENEZ-

3    BENCEVI, his moral culpability, and the nature and circumstances of the offenses charged in Counts

4    One and Three of the Indictment.

5          WHEREFORE, the United States very respectfully requests that its compliance with 18

6    U.S.C. § 3593(a) be noted.

7          RESPECTFULLY SUBMITTED this 7th day of December, 2012, in San Juan, Puerto Rico.

8

9                                        ROSA EMILIA RODRIGUEZ-VELEZ
                                         United States Attorney

10

11                                       s/*Ilianys Rivera*
                                         ILIANYS RIVERA
                                         Assistant U.S. Attorney-USDC#223006
12                                       U.S. Attorney's Office
                                         Torre Chardón, Suite 1201
13                                       # 350 Carlos Chardón Ave.
                                         Hato Rey, PR 00918
14                                       Tel.:  (787) 766-5656
                                         Fax:  (787) 766-5326
15                                       Email: ilianys.rivera@usdoj.gov

16

17                                       s/*Luke V. Cass*
                                         LUKE V. CASS
18                                       Assistant U.S. Attorney

19

20

21                           **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this same date, a true and exact copy of the foregoing has been
22   sent via ECF to defense counsel of record.

23

24                                       s/*Ilianys Rivera*
                                         ILIANYS RIVERA
25                                       Assistant U. S. Attorney

26

27

28